```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

REXMOND WADE HILL,

    Plaintiff,

v.                                      Case No: 5:19-cv-391-Oc-39PRL

MARK S. INCH, et al.,

    Defendants.

_____

## ORDER

    Plaintiff, Rexmond Wade Hill, an inmate of the Florida penal system proceeding in forma pauperis (Doc. 5), initiated this action by filing a pro se civil rights complaint (Doc. 1). At the Court's direction, Plaintiff filed an amended complaint (Doc. 11; Am. Compl.), which is before the Court for screening under the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915(e)(2)(B). In his amended complaint, Plaintiff names four Defendants for an alleged Eighth Amendment violation that occurred on October 12, 2015, at Lake Correctional Institution (LCI): Mark S. Inch, Secretary of the Florida Department of Corrections; Captain A. Perez; Sergeant FNU Cuso; and Sergeant FNU Sapp. See Am. Compl. at 3-4, 5.[1] Plaintiff names all Defendants in their individual and official capacities. Id. at 3-4.

---

[1] The Court references Defendants Perez, Cuso, and Sapp collectively as "LCI officers."

Plaintiff alleges he reported to Defendants Sapp, Cuso, and Perez that his cellmate threatened to kill him if Plaintiff did not submit to his cellmate's sexual advances, and Plaintiff asked to be placed in confinement or moved to a different dorm. Id. at 7-8. Plaintiff alleges Defendants Sapp and Cuso refused to help him, but Defendant Perez responded, "[h]e would look into it." Id. at 8. Thereafter, Plaintiff and his cellmate were relocated, but both were moved to the same dorm. Id. at 8. After the cell relocation, Plaintiff's former cellmate stabbed him "in retaliation for having them moved out of the room together." Id. Plaintiff was stabbed in the left hand, chest, and face, each of which required stitches. Id. at 9.

Plaintiff asserts claims under the Eighth Amendment for Defendants' violation of the Florida Administrative Code in housing him with an "incompatible" cellmate and for failing to properly search inmates' belongings for weapons. Id. at 6. As relief, Plaintiff seeks compensatory and punitive damages. He also seeks an injunction ordering prison officials to ensure cellmates are "compatible." Id.

Upon review, the Court finds Plaintiff fails to state a claim against Defendants Inch and Perez. Thus, those parties will be dismissed from this action under the PLRA, which requires a district court to dismiss a complaint or any portion of a complaint if the court determines the action is frivolous, malicious, or

fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to Plaintiff's claim for damages against Defendant Inch in his official capacity, Inch is entitled to immunity under the Eleventh Amendment. See Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). As to the individual-capacity claim, Plaintiff fails to allege Defendant Inch personally participated in any alleged constitutional violation. It appears Plaintiff names Defendant Inch because of the administrative position Inch holds or because Plaintiff submitted a grievance to Secretary Inch's office. Neither theory, however, is viable under

3

42 U.S.C. § 1983.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (quoting Cottone, 326 F.3d at 1360). Plaintiff does not allege facts demonstrating a causal connection between Defendant Inch's conduct and a constitutional violation. Indeed, Plaintiff attributes no factual allegations to Defendant Inch at all. See Am. Compl. at 7-8.

To the extent Plaintiff's claim against Defendant Inch is based on a grievance he sent or a grievance response he received, his claim fails. "[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-

Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)). Because Plaintiff does not state a claim against Defendant Inch, the Court will dismiss him from this action.

With respect to the claims against the LCI officers, the Court notes as a preliminary matter that the officers' alleged failure to thoroughly search inmates for weapons amounts to a "dereliction of duty," which equates to mere negligence, not deliberate indifference.[2] See Goodman v. Kimbrough, 718 F.3d 1325, 1334 (11th Cir. 2013). Similarly, assuming Defendants were responsible for housing Plaintiff with an "incompatible" cellmate in violation of a Florida Administrative Code provision, such conduct is not actionable under § 1983 as deliberate indifference. See Losey v. Warden, 521 F. App'x 717, 720 (11th Cir. 2013) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.") (quoting Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000)).

Liberally construing Plaintiff's allegations, it appears he attempts to state an Eighth Amendment claim against the LCI officers for deliberate indifference to his safety for their

---

[2] Plaintiff does not allege his cellmate threatened him with a weapon before the attack, nor does Plaintiff allege he reported to the LCI officers that his cellmate had a weapon. See Am. Compl. at 7-8.

5

failure to protect him from his cellmate's attack. The Eighth Amendment demands prison officials "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, prison officials are obligated to ensure "reasonable safety;" they are not constitutionally liable for every inmate-on-inmate attack. Id. at 834, 844. Instead, it is "[a] prison official's 'deliberate indifference' to a substantial risk of harm to an inmate [that] violates the Eighth Amendment." Id. at 828.

To state a deliberate indifference claim, a plaintiff must allege three elements: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015) (quoting Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014)).

Accepting as true that Plaintiff reported to Defendants his cellmate threatened to kill him, Plaintiff does not allege Defendant Perez was deliberately indifferent to that threat. Indeed, Plaintiff said he was relieved when he saw Defendant Perez after his attempts to seek help from Defendants Cuso and Sapp failed. Plaintiff alleges as follows:

> [T]o his relief[,] [Plaintiff] saw defendant Capt. Perez on his way to the dormitory and . . . explained to him the whole

6

> situation including talking with defendants
> Sgt. Sapp and Sgt. Cuso . . . and their
> unwillingness to help. . . . Defendant Perez
> then proceeded walking and told Plaintiff
> "[h]e would look into it."

Am. Compl. at 8. Plaintiff says he was thereafter relocated to a different cell, albeit in the same dorm with his cellmate. Id.

Unlike his allegations against Defendants Cuso and Sapp, Plaintiff does not assert Defendant Perez ignored him or made comments suggesting Defendant Perez did not care Plaintiff was in danger. Id. at 7-8. In fact, Plaintiff alleges Defendant Perez listened to his concerns, and Plaintiff's allegations permit the reasonable inference that Defendant Perez may have facilitated or instigated Plaintiff's move. While Plaintiff and his former cellmate were not moved to separate dorms, and Plaintiff was not placed in protective custody, Plaintiff's allegations do not permit the inference that Defendant Perez was deliberately indifferent to a substantial risk of serious harm under the stringent Eighth Amendment standard. Thus, Plaintiff's claim against Defendant Perez will be dismissed under § 1915(e).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's claims against Defendants Mark S. Inch and A. Perez are **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk of Court** is directed to terminate Defendants

7

Inch and Perez from the docket.

3. The Court will enter a separate order directing service of process on Defendants Cuso and Sapp.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c: Rexmond Wade Hill