UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REXMOND WADE HILL,

    Plaintiff,

v.    Case No: 5:19-cv-391-BJD-PRL

FNU CARUSO and FNU SAPP,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Rexmond Wade Hill, initiated this action on August 16, 2019 (mailbox rule), by filing a pro se Civil Rights Complaint (Doc. 1). Plaintiff is proceeding on an Amended Complaint (Doc. 11), in which he alleges two officers at Lake Correctional Institution violated his Eighth Amendment rights by failing to protect him from his cellmate's attack. Plaintiff was previously directed to file a response within 21 days if Defendants filed a motion to dismiss. See Order (Doc. 14).

On November 11, 2020, Defendants filed a Motion to Dismiss (Doc. 32). Plaintiff did not file a response. Thus, on December 15, 2020, the Court directed Plaintiff to show cause within fourteen days why this case should not be dismissed his failure to respond to the motion or otherwise prosecute the case. See Order to Show Cause (Doc. 35). In response, Plaintiff filed a motion

for extension of time (Doc. 36), which the Court granted on January 21, 2021, giving Plaintiff 30 days from the date of the Order to file a response. See Order (Doc. 38). Plaintiff failed to comply or request additional time within which to do so. Therefore, on March 8, 2021, the Court again directed Plaintiff to show cause why this case should not be dismissed. See Order to Show Cause (Doc. 39). The Court advised Plaintiff that his failure to respond to the Order to Show Cause could result in the dismissal of this case without further notice.

As of the date of this Order, Plaintiff has neither complied with the Court's Orders (Docs. 14, 38, 39), explained his noncompliance, nor requested additional time to comply. Given that the designated time to respond to the Court's Order to Show Cause (Doc. 39) passed on March 22, 2021, the Court concludes that the dismissal of this case for failure to prosecute is appropriate at this time.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Courts "need not tolerate defiance of reasonable orders," and may dismiss cases for that reason or for failure to prosecute. Id. at 1241 (citation omitted). See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

The Court is aware that a dismissal without prejudice may be tantamount to one with prejudice because Plaintiff's claims stem from an incident that occurred in October 2015. Thus, the statute of limitations likely will bar Plaintiff from re-filing his claims. Nevertheless, the Court finds Plaintiff has been afforded more than sufficient time to respond to Defendants' motion and has demonstrated a clear pattern of delay. This case has been pending since 2019, and the motion to dismiss for nearly five months. The Court has extended the deadline to respond three times, yet Plaintiff still has failed to respond to the motion to dismiss.

Additionally, Plaintiff has received ample warning that his case could be dismissed for his failure to comply with Court orders. See Orders (Docs. 3, 6, 9, 19, 35, 39). In fact, the Court's Standing Order for all Confined, Pro Se Litigants explicitly states, "Your failure to comply with the rules or any Court order could result in sanctions, including dismissal of your case." See Order (Doc. 6).

The Court further finds that sanctions short of dismissal are inadequate. Plaintiff is a pauper, and he has been moved to a re-entry facility. See Notice of Change of Address (Doc. 37). Therefore, monetary sanctions would be wholly

ineffective. The Court, however, will dismiss this case without prejudice for Plaintiff's failure to prosecute. Should Plaintiff choose to re-file his claims, he must be able to show that the claims are not time-barred.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

2.   The **Clerk of Court** shall enter judgment dismissing this case, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Rexmond Wade Hill
Counsel of Record

4